WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-01501-001-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Alexis Arrieta, | |
| Defendant. | |

Following a December 21, 2015 detention hearing, the Court found by a preponderance of the evidence that Defendant is a flight risk and ordered that Defendant be detained pending trial. (Doc. 161). On March 10, 2016, Defendant filed a Motion to Reconsider Detention (Doc. 271), which Defendant states is made pursuant to Fed. R. Crim. P. 12(b), 18 U.S.C. § 3142(f), and 18 U.S.C. § 3145(b). Because the Motion presents information not available at Defendant's detention hearing, it is construed as a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). For the reasons set forth below, Defendant's request to reopen the detention hearing is denied. To the extent that Defendant seeks a de novo review of the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b), the Motion is referred to the assigned District Judge for further consideration.

## I. BACKGROUND

On December 2, 2015, Defendant was indicted on one count of Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846. (Doc. 10 at 3). Following Defendant's arrest on December 8, 2015, Pretrial Services interviewed Defendant. (Docs. 44, 47, 110). Defendant informed Pretrial Services that he has been using heroin for approximately six years[1] and uses the "drug, daily, intravenously." (Doc. 47 at 2). Defendant also voluntarily submitted a urine specimen, which tested positive for marijuana and heroin. (*Id.* at 3). In its report, Pretrial Services recommended that Defendant be detained because it found that no condition or combination of conditions existed to reasonably assure either Defendant's appearance in court or the safety of the community. (*Id.* at 4).

On December 9, 2015, the Court held Defendant's Initial Appearance and Arraignment. (Doc. 99). After Defendant pled not guilty, the Court ordered that Defendant be temporarily detained and set a detention hearing. In addition, the Court ordered Pretrial Services to screen Defendant for possible placement at a residential treatment facility. (*Id.*).

In its December 17, 2015 report, Pretrial Services indicated that the intake coordinator at the Crossroads residential treatment facility determined that Defendant is suitable for their facility and that the facility will have available bed space beginning on January 5, 2016. (Doc. 146 at 4). Pretrial Services continued to find that Defendant is a flight risk and danger to the community based on Defendant's prior failures to appear, self-reported drug abuse history, current drug use, and prior criminal record. (*Id.* at 4). However, Pretrial Services recommended that Defendant be released on his own personal recognizance subject to a number of conditions, including the condition that Defendant reside at the Crossroads residential treatment facility and follow all program requirements. (*Id.* at 4-5).

---

[1] Defendant was 30 years old at the time of the Pretrial Services' interview and reported using heroin since age 24. (Doc. 47 at 1-2).

At the December 21, 2015 detention hearing, the Court found by a preponderance of the evidence that: (i) Defendant has no resources in the United States from which he might make a bond reasonably calculated to assure his future appearance; (ii) Defendant has a prior criminal history; (iii) there is a record of prior failure to appear as ordered; (iv) Defendant has a history of substance abuse; (v) the weight of the evidence against Defendant is great; and (vi) Defendant has a history of failure to comply with court orders, including multiple violations of probation conditions and repeated failures to appear. (Doc. 161 at 2-3). The Court also noted that Defendant used heroin daily and that his prior treatment attempts have been unsuccessful. (*Id*. at 3). After considering the above findings and the factors set forth in 18 U.S.C. § 3142(g), the Court found Defendant to be a flight risk by a preponderance of the evidence. (*Id*. at 1). The Court thus ordered that Defendant be detained pending trial. (*Id*.).

In his March 2016 Motion to Reconsider Detention, Defendant asserts that he has "resolved any substance abuse issues" during his three months of incarceration and should be considered for release. (Doc. 271 at 3). Defendant's trial is set for April 5, 2016 (Doc. 269).

## II. DISCUSSION

The Bail Reform Act provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "Courts have interpreted this provision strictly, holding that [detention] hearings should not be reopened if the evidence was available at the time of the initial hearing." *United States v. Ward*, 63 F.Supp.2d 1203, 1206 (C.D. Cal. 1999) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991)).

With the exception of Defendant's assertion that he is no longer using heroin, all of the other factual assertions presented in Defendant's Motion were presented, or could

- 3 -

have been presented by Defendant during the December 21, 2015 detention hearing. Moreover, Defendant has provided no evidence that he has received substance abuse treatment while incarcerated. Defendant's alleged three-month period of sobriety may be attributed to a lack of access to heroin while incarcerated. Defendant has presented no new information that has a material bearing on the Court's previous finding that Defendant is a flight risk and that detention of Defendant is required pending trial. Accordingly, Defendant's request to reopen the detention hearing is denied.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendant's Motion to Reconsider Detention (Doc. 271) to the extent Defendant moves to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f).

**IT IS FURTHER ORDERED** that to the extent Defendant's Motion (Doc. 271) seeks a de novo review of the Magistrate Judge's December 21, 2015 detention order (Doc. 161) pursuant to 18 U.S.C. § 3145(b), Defendant's Motion is referred to the assigned District Judge for further consideration.

Dated this 16th day of March, 2016.

_____
Eileen S. Willett
United States Magistrate Judge